No. 807

STATE ex RUDD v. INDUS. COMM.

No. 19966. Supreme Court

In mandmaus. Dock. July 12, 1926; 4 Abs. 493.

1283. WORKMAN'S COMPENSATION— Where the Industrial Commission has made an award by reason of the employer's failure to comply with Section 13 of the General Safety Standards for Workshops and Factories, may the Commission refuse to pay said award because collection of the award from the employer is impossible?

It appears that the Industrial Commission made an award to Mary F. Rudd for the death of her husband and that subsequently an additional award was made under Section 13 of the General Safety Standards for Work-

shops and Factories which award has not been paid, the commission claiming that it could not pay the award from the general fund until collection of said award from the employer could be made.

Rudd in the Supreme Court contends: That the commission is under a duty to pay the additional award from the State Insurance Fund regardless whether or not collection is made from the employer.

Attorneys—F. H. Ward for Rudd; C. C. Crabbe and R. R. Zurmehley for Commission; all of Columbus.

No. 808

CLEVE. BUILD. SUPP. & BRICK CO. et v. GARFIELD HEIGHTS (Village) et

No. 19962. Supreme Court

On motion to certify. Dock. July 8, 1926; 4 Abs. 475.

1139. SURETY BONDS—Where a contractor causes a bond to be executed under a contract for public work and upon default of the contractor it is shown that the village suffered greater damage than the amount of the bond; and that there were material-men, how should the money realized under the bond be distributed?

This action was brought originally by the village of Garfield Heights and certain material-men on a bond furnished by Dagher-Holland Construction Company under a contract for public work.

The damages of the village upon default of the contractor proved to be an amount greater than the bond provided for.

The case was tried upon an agreed statement of facts and the Cuyahoga Common Pleas awarded the full amount of the bond to the village which judgment was affirmed by the Court of Appeals.

The Cleveland Builders Supply & Brick Company et al. in the Supreme Court contend:

1. That the material-men under Section 2365-1 to 2365-4 GC. should be paid before the village.

2. That if the material-men should not be paid before the village that both material-men and the village should pro-rate any sum to be distributed.

Attorneys—Griswold, Green, Palmer & Hadden; and Tolles, Hogsett, Ginn & Morley for Brick Co.; J. B. Keenan; and Price, Graves & Potter for Village; all of Cleveland.